```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ALYSSA MOATE LARRY,**

      **Plaintiff,**

v.          //    CIVIL ACTION NO. 1:15CV212
                                (Judge Keeley)

**THE MARION COUNTY COAL COMPANY, and**
**MURRAY AMERICAN ENERGY, INC.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S**
**MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]**
**AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE**
**THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

Pending before the Court are the motion to amend complaint out of time (dkt. no. 42), filed by the plaintiff, Alyssa Moate Larry ("Larry"), as well as her motion to strike extraneous evidence presented by the defendants in their response (dkt. no. 48). For the reasons that follow, the Court **DENIES** the motion to amend and **DENIES AS MOOT** the motion to strike the defendants' extraneous evidence.

## BACKGROUND

From January, 2012, to May, 2015, Larry worked in the human resources department of the defendant Marion County Coal Company ("MCCC"), whose parent company is defendant Murray American Energy, Inc. ("MAEI") (dkt. no. 1-1 at 2-3). In March, 2014, Larry was promoted from the position of mine clerk to human resources coordinator. Id. at 2.

**LARRY v. MARION COUNTY COAL CO.**  1:15CV212

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

After giving birth in February, 2015, Larry took maternity leave for six weeks. Id. Upon returning to work, she informed her supervisor that she would need to take approximately three breaks each day to pump breast milk. Id. The supervisor allowed the breaks, but did not provide Larry with a clean space in which to to take them. Id. Instead, she took her lactation breaks in the bathroom, which was the only space provided. Id.

On April 27, 2015, roughly one month after Larry's return to work, a male employee, Eric Zuchowski ("Zuchowski"), was promoted to the position of human resources coordinator, the same position Larry held. Id. at 3. Another month later, on May 28, 2015, MCCC terminated Larry's employment, telling her it was due to "mining market conditions." Id. Zuchowski, however, did not lose his job. Id. Larry claims that MCCC did not provide a reason for choosing to terminate her employment but not that of Zuchowski. Id. Shortly after terminating Larry's employment, MAEI transferred in a male employee from another MAEI mine, Ilya Shlyahovsky, and placed him in the human resources coordinator position formerly held by Larry. Id. According to Larry, the reasons MCCC gave for her termination were merely pretextual.

2

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42] AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

Larry's original complaint asserts three causes of action: (1) Sex Discrimination, Pregnancy Discrimination, and Retaliation by MCCC; (2) Aiding and Abetting Discrimination in Violation of the West Virginia Human Rights Act ("WVHRA") by MAEI; and (3) Wrongful Termination under the Family Medical Leave Act ("FMLA") by MCCC. Id at 4-6. On May 24, 2016, Larry moved to amend her complaint to add a claim for wrongful termination by MCCC under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. (dkt. no. 42). In their memorandum in opposition, the defendants assert that they had to rely on evidence outside of the pleadings, i.e., Larry's sworn testimony and an affidavit from her supervisor, in order to respond to the motion to amend (dkt. no. 44 at 4). Therefore, they argue that the motion should be considered under the summary judgment standard. Id. In Larry's reply, she moved to strike the defendants' extraneous evidence from the record, and requested that the Court disregard any arguments based on that evidence (dkt. no. 48 at 1).

## STANDARD OF REVIEW AND APPLICABLE LAW

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f),

3

**LARRY v. MARION COUNTY COAL CO.**                      **1:15CV212**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

whichever is earlier. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to grant or deny a motion to amend is within the discretion of the Court. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013). Nonetheless, the Supreme Court of the United States has set forth factors that courts should weigh when applying Rule 15(a)(2). See Foman v. Davis, 371 U.S. 178, 182 (1962) ("the Foman factors"); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman). Courts should grant leave to amend unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman, 371 U.S. at 182).

The first factor, whether there is prejudice to the opposing party, can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party. Johnson, 785 F.2d at 510.

4

**LARRY v. MARION COUNTY COAL CO.                           1:15CV212**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

Often, a finding of prejudice applies when the amendment is offered "shortly before or during trial." Id. at 510 (citing Roberts v. Arizona Board of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)).

The second factor is whether the party seeking to amend is doing so in bad faith. Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." GSS Props., Inc. v. Kendale Shopping Center, Inc., 119 F.R.D. 379, 381 (M.D.N.C. Mar. 15, 1988) (finding bad faith when plaintiff withheld facts "clearly known to it prior to the filing of the complaint and then moving to amend the complaint . . . to force defendant to settle or punish defendant for failing to settle") (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015))).

Courts inquiring into the good faith of the moving party may take into account the movant's delay in seeking the amendment. See 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015). Delay alone, however, "is an insufficient reason to deny the plaintiff's motion to amend." Hart v. Hanover Cty Sch. Bd., 495 F.App'x. 314 (Table) (4th Cir. 2012) (citing Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) (en banc) (internal

**LARRY v. MARION COUNTY COAL CO.                         1:15CV212**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

citations omitted)). Nonetheless, delay can be relevant as an exacerbating factor to any finding of bad faith or prejudice. <u>GSS Props.</u>, 119 F.R.D. at 381 (finding that blatant delay, in combination with bad faith, was sufficient to deny plaintiff's motion to amend).

The third factor weighs against granting leave to amend when that amendment would be futile. <u>Johnson</u>, 785 F.2d 509-10. Even in the absence of prejudice and bad faith, a court should still deny leave to amend on the basis of futility when the amended complaint would not survive a motion to dismiss, <u>Perkins v. United States</u>, 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." <u>Johnson</u>, 785 F.2d at 510. Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim <u>showing that the pleader is entitled to relief</u>." (emphasis added). See <u>Burns v. AAF-McQuay, Inc.</u>, 980 F.Supp. 175, 179 (W.D.Va. Sept. 24, 1997) (noting that proper standard of review when amendment is challenged on grounds of futility is whether the proposed amendment states a claim upon which relief can be granted). If relief cannot be granted, the amendment is futile. See <u>Hutsell v. Sayre</u>, 5 F.3d 996, 1006 (6th Cir. 1993) (where court already determined that police officer was

**LARRY v. MARION COUNTY COAL CO.**                          **1:15CV212**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

protected from liability under qualified immunity, amendment to add police officer as defendant in a § 1983 action would be futile).

### ANALYSIS

Because Larry filed her motion to amend out of time, and the defendants have not consented, the amendment may only be granted with the Court's leave. Fed R. Civ. P. 15(a). Upon consideration of the Foman factors — prejudice, bad faith, and futility – the Court concludes that the motion to amend should be denied.

The first Foman factor requires the Court to determine whether the opposing party would be prejudiced by the amendment. In this case, the defendants would not be prejudiced by the proposed amendment. Although filed out of time, the motion to amend was made with adequate time remaining before the close of discovery and well before the trial date. Furthermore, the amendment seeks to add a legal basis for relief under the FLSA within a claim that was already asserted in the original complaint under the FMLA, and thus, would not require any new facts or discovery to establish or defend.

Looking to the second Foman factor, the Court finds no evidence that Larry moved to amend in bad faith. It finds no evidence of ulterior motives that would be advanced by the

7

**LARRY v. MARION COUNTY COAL CO.** 1:15CV212

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42] AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

amendment and, although there may have been some delay between the filing of the complaint and the motion to amend, it was not such that would prejudice the defendant or give the plaintiff an advantage. Larry was not dilatory to obtain any cognizable tactical advantage.

Ultimately, however, when weighing the third <u>Foman</u> factor, the Court concludes that Larry's proposed amendment is futile, and leave to amend should be denied. MCCC arguably violated 29 U.S.C. § 207(r) by not providing Larry with "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." 29 U.S.C. § 207(r)(1)(B). Nevertheless, Larry's complaint does not establish a viable claim of retaliation under the FLSA.

Pursuant to 29 U.S.C. § 215(a)(3), "it shall be unlawful for any person. . . to discharge or in any other manner discriminate against any employee because such employee has <u>filed any complaint or instituted or caused to be instituted any proceeding</u> under or related to this chapter." 29 U.S.C. § 215(a)(3)(emphasis added). Internal, oral complaints are often sufficient to state a viable claim for retaliation under the FLSA. <u>Minor v. Bostwick Labs.,</u>

**LARRY v. MARION COUNTY COAL CO.**                              **1:15CV212**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

Inc., 669 F.3d 428, 432 (4th Cir. 2012). An internal complaint, however, must be clear enough to put the employer on notice that the employee is asserting a right protected by the FLSA. Jafari v. Old Dominion Transit Management Co., 462 Fed. Appx. 385, 389 (4th Cir. 2012), remanded to 913 F.Supp.2d 217, 226 (E.D.Va. Dec. 20, 2012). To state a prima facie case of retaliation under the FLSA, a plaintiff must establish: "(1) [s]he engaged in an activity protected by the FLSA[, i.e., lodging a complaint or instituting a proceeding]; (2) [s]he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." Darveau v. Detecon, Inc., 515 F.3d 334, 340 (4th Cir. 2008).

This provision, however, does not provide Larry with grounds for relief based on the facts alleged in her complaint. Her amended complaint never alleges that she filed any complaint, written or verbal, or instituted any proceeding against MCCC regarding its failure to provide a location other than a bathroom for her to express breast milk. If Larry did not complain to her employer, she has not satisfied the first prong in establishing a prima facie case, and her employer cannot be held liable under FLSA §

**LARRY v. MARION COUNTY COAL CO.**                          **1:15CV212**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

215(a)(3). Nor can she establish a causal connection between her termination and her exercise of a protected activity when she has not undertaken any such activity.

Based on the facts alleged in her amended complaint, Larry's FLSA claim fails to state a claim upon which relief may be granted and would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Johnson, 785 F.2d at 510; Burns, 980 F.Supp. at 179. Justice does not require the Court to grant leave here inasmuch as the proposed claim is insufficient on its face and therefore futile. Accordingly, the Court **DENIES** Larry's motion to amended her complaint (dkt. no. 42).

Finally, the defendants assert that the summary judgment standard should be used to evaluate this motion because they are relying on evidence outside of the pleadings (dkt. no. 44). In her reply brief, Larry moved to strike the defendants' extraneous evidence, contending that the motion to dismiss standard was proper here. Inasmuch as the Court has resolved this motion solely on the face of the pleadings, without regard to the outside evidence submitted, the motion to dismiss standard is proper. Because the Court did not consider the disputed extraneous evidence in its

**LARRY v. MARION COUNTY COAL CO.** 1:15CV212

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFF'S
MOTION TO AMEND COMPLAINT OUT OF TIME [DKT. NO. 42]
AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO STRIKE
THE DEFENDANT'S EXTRANEOUS EVIDENCE [DKT. NO. 48]**

ruling on the motion to amend, it **DENIES AS MOOT** Larry's motion to strike it (dkt. no. 48).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: August 2, 2016.

        /s/ Irene M. Keeley
        IRENE M. KEELEY
        UNITED STATES DISTRICT JUDGE